# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOEL N. VICK, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. CIV-05-477-FHS-SPS |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
|        Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Joel N. Vick requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II of the Act, 42 U.S.C. § 1381a. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy. . . ." *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997), *citing Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires claimant to establish he has a medically severe impairment (or a combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity or his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. A claimant suffering from a listed impairment (or impairments "medically equivalent" to a listed impairment) is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience, and RFC. Disability benefits are denied if the Commissioner can shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

"[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on October 11, 1968, and was thirty-six (36) years old at the time of the administrative hearing. He has an eleventh grade education. The claimant has previously worked as a pipeline laborer, mechanic's helper, wood cutter, roughneck and sewing machine operator. He alleges he has been unable to work since September 6, 2002, because of injuries he received in an automobile accident, *i. e.*, fractures in his leg and knee, a head injury and depression and memory problems resulting therefrom.

### Procedural History

On November 4, 2002, the claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The application was denied. Following a hearing, ALJ Michael A. Kirkpatrick found that the claimant not disabled in a decision dated April 28, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, that he could: lift or carry up to ten pounds frequently and up to twenty pounds occasionally;

stand, walk and sit for at least six hours out of an eight-hour work day; climb, balance, stoop, kneel, crouch and crawl occasionally; and, understand, remember and carry out at least simple routine unskilled tasks which do not required interacting with the general public (Tr. 19). The ALJ concluded that the claimant was not disabled because he could return to his past relevant work as a sewing machine operator (Tr. 24).

## Review

The claimant contends the ALJ erred: (i) by failing to adequately develop the record with regard to claimant's impairments; (ii) by failing to include all of the claimant's impairments in the RFC; and, (iii) by failing to properly evaluate the claimant's credibility. The undersigned Magistrate Judge finds the claimant's third contention dispositive.

Deference must be given to an ALJ's credibility determination unless the ALJ misread the medical evidence taken as a whole. *Casias,* 933 F.2d at 801. An ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 512 (10th Cir. 1987). But credibility findings should be closely and affirmatively linked to the evidence and not just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). *See also Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004) (noting that the ALJ's analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'"), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4. The ALJ's analysis of the claimant's credibility in this case clearly fell below these standards, and the Commissioner's decision should therefore be reversed.

The ALJ's credibility analysis is largely boilerplate. *See, e. g., Hardman*, 362 F.3d at 679 ("[B]oilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible."), *citing Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). The ALJ provided some *general* reasons for finding the claimant not credible, *e. g.*, "the claimant's own description of his activities and life style, the conservative nature and the infrequency of medical treatment required, the reports of the treating and examining practitioners, the medical history, the findings made on examination, and, most importantly, claimant's demeanor at hearing and the marked discrepancies between his allegations and the information contained in the documentary reports" (Tr. 23), but he failed to affirmatively link these reasons to the evidence as required by *Kepler*.[2] The ALJ did not, for example, identify any inconsistencies between the claimant's testimony and the medical record. Nor did he identify any inconsistencies between the claimant's claimed impairments and his daily activities, which would not in and of themselves justify a conclusion that the claimant was

---

[2] The only *specific* reasons given by the ALJ for discounting the claimant's subjective complaints were: (i) the claimant showed no outward signs of physical limitations, or any difficulty concentrating or remembering, at the administrative hearing (Tr. 23); and, (ii) the claimant worked as a dump truck and water truck driver *after* his alleged onset date (Tr. 22). The ALJ acknowledged that his own observations of the claimant at the hearing did not constitute substantial evidence supporting a rejection of the claimant's subjective complaints, but curiously identified this reason as one of the most important in analyzing his credibility (Tr. 23). *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("Although an ALJ may not rely solely on his personal observations to discredit a [claimant's] allegations, he may consider his personal observations in his overall evaluation of claimant's credibility."). *See also White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002). Further, although the ALJ regarded the claimant's work after his onset date as being inconsistent with his claimed limitations (Tr. 22), it was likewise inconsistent with the ALJ's assessment of his RFC, an anomaly the ALJ did not explain.

not credible in any event. *See, e. g., Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) ("[T]he ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain. The 'sporadic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity.'"), *quoting Frey v. Bowen*, 816 F.2d 508, 516-17 (10th Cir. 1987).

Because the ALJ failed to discuss probative evidence relevant to his determination of the claimant's credibility in accordance with *Kepler*, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. This will permit a proper assessment by the Court of "whether relevant evidence adequately supports the ALJ's conclusion." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). On remand, the ALJ should: (i) analyze the claimant's credibility under the appropriate standards and provide specific references to the record as required by *Kepler*; (ii) determine whether the claimant's subjective complaints (including pain) result in further functional limitations, and if so, include those limitations in the claimant's RFC; and, (iii) redetermine what work, if any, the claimant can perform and ultimately whether he is disabled.

**Conclusion**

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings as set forth above. The parties are hereby given ten

(10) days to file with the Court Clerk any objections with supporting brief. Failure to object to this Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 17th day of September, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**